Joseph P. SIOFELE, aka Paramount Cheiftain Famuina, Plaintiff-intervenor—Appellant,

Robson Bonnichsen et al., Plaintiffs—Appellees,

v.

UNITED STATES of America et al., Defendants—Appellees,

No. 02–35970.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2003.*

Decided Feb. 4, 2004.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Paula A. Barran, Esq., Barran Liebman, LLP, Portland, OR, Richard M. Donaldson, Esq., Grant & Eisenhofer, Wilmington, DE, Amy K. Brenner, Barran Liebman LLP, Alan L. Schneider, Esq., Bonnie Richardson–Kott, Esq., Lane, Powell, Spears, Lubursky, LLP, Portland, OR, Jeremy D. Mishkin, Montgomery, McCracken, Walker & Rhoads, Philadelphia, PA, for Plaintiff–Appellee.

Ellen J. Durkee, Esq., Aimee S. Bevan, Robin Michael, Esq., Allison B. Rumsey, Esq., David F. Shuey, Esq., David C. Shilton, Esq. DOJ—U.S. Department of Justice, Washington, DC, Timothy Simmons, USPO—Office of the U.S. Attorney, Portland, OR, Thomas Zeilman, Yakima Nation Office of Legal Counsel, Toppenish, WA, Tim Weaver, Esq., Law Offices of Tim Weaver, Yakima, WA, Thomas P. Schlosser, Esq., Pirtle, Morisset, Schlosser & Ayer, Seattle, WA, Melissa T. Campobasso, Esq., Office of the Reservation Attorney, Nespelem, WA, Rob Roy Smith, Esq., Morisset, Schlosser, Homer, Jozwiak & McGaw, Seattle, WA, Walter R. Echo–Hawk, Esq., Yvonne T. Knight, Esq., Boulder, CO, Carl Ullman, Chiloquin, OR, for Defendants–Appellees.

Before: ALDISERT,[**] GRABER, and GOULD, Circuit Judges.

### MEMORANDUM [***]

*Joseph* Siofele appeals the district court's denial of his motion to intervene in a related civil case, *Bonnichsen v. United States,* in the United States District Court for the District of Oregon (District Court Civil Case No. 96–1481–JE). The district court denied Sieofele's motion to intervene on the basis that it was untimely. Siofele appeals, contending that any delay submitting his motion to intervene was justified and that the other parties were not prejudiced by his delay. We review for abuse of discretion. *Cabazon Band of Mission Indians v. Wilson,* 124 F.3d 1050, 1061 (9th Cir.1997).

Intervention is governed by Federal Rule of Civil Procedure 24(a). In applying Rule 24(a), we have noted:

(1) the motion must be timely; (2) the applicant must assert a 'significantly protectable' interest relating to property or a transaction that is the subject matter of litigation; (3) the applicant must be situated so that disposition of action

---

[**] Hon. Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

[***] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

may as a practical matter impair or impede the interest; and (4) the applicant's interest must be inadequately represented by the parties.

*Kootenai Tribe v. Veneman*, 313 F.3d 1094, 1107–08 (9th Cir.2002). We have also held that "if we find that the motion to intervene was not timely, [we] need not reach any of the remaining elements of Rule 24." *League of United Latin Am. Citizens v. Wilson* 131 F.3d 1297, 1302 (9th Cir.1997) (alteration in original) (internal quotation marks omitted). In evaluating timeliness, we consider "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Id.* (internal quotation marks omitted). As a general rule, "any substantial lapse of time weighs heavily against intervention." *United States v. Washington*, 86 F.3d 1499, 1503 (9th Cir. 1996).

The related civil action (*Bonnichsen v. United States*) was filed on October 16, 1996. Siofele did not file his motion to intervene until July 23, 2001, almost five years after the litigation commenced. Siofele does not give any reason for his delay, other than an unsupported assertion that he lacked standing before the administrative agencies that have previously addressed this case. We determine that, given the late stage of the proceedings, the likelihood for substantial prejudice to the parties if Siofele's request is granted, and the substantial length of delay without sufficient explanation, the district court did not abuse its discretion in denying Siofele's request to intervene.

**AFFIRMED.**